654 A.2d 563

Lynn E. McGINNIS

v.

John Leo McGINNIS, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 18, 1994.

Filed Jan. 25, 1995.

John L. McGinnis, pro se.

Edward E. Kopko, Pottsville, for appellee.

Before BECK, HUDOCK and BROSKY, JJ.

BECK, Judge.

In this child support action we address whether, based on a prior child support agreement, the trial court may deviate

from the support guidelines. In this case we conclude that the guidelines control and that the support agreement has no bearing. We reverse the trial court's order and remand for further proceedings.

Appellant-father and appellee-mother have two children. They were married in 1975 and divorced in 1990. At that time they entered into a support agreement under which appellant was required to pay child support in the amount of $100 per week. In March, 1991, appellee filed a complaint for support. She did not base her action on the support agreement. After the master made his recommendation and a hearing was held on appellant's exceptions to the recommendation, the trial court ordered appellant to pay $100 per week. This timely appeal followed.

The trial court found, *inter alia,* that the parties shared custody of the children under an arrangement in which appellant had custody 43% of the time and appellee had custody 57% of the time. Under this arrangement, each party provided direct support to the children during his or her respective periods of custody, and the parties equally shared many of the children's other expenses, such as costs of health and life insurance, clothing, medical expenses and school costs. The trial court found that because both parties had transferred assets out of their names in order to avoid claims by creditors, their credibility on issues of income and expenses was questionable. However, the court concluded that appellee had income from part time employment as a nurse which provided an average net income of $1,483.17 per month in 1992, while appellant, who is self-employed, had net income at least sufficient to meet his monthly expenses of $2,409.34 per month. The court also found that under the agreement appellant was obligated to pay $100.00 per week in child support.

In arriving at its support order, the trial court used the guidelines but deviated from them based on the support agreement.[1] Under the guidelines the court found that appel-

1. The trial court took the support agreement into consideration despite the fact that it recognized that under Pa.R.C.P. 1910.1(b)(i), then in effect, the support agreement of the parties was not specifically enforce-

lant was obligated to pay $45.65 per week for the children's support. Nevertheless the court ordered appellant to pay $100 per week, reasoning that under the prior support agreement the husband had consented to pay $100 per week.

Appellant contends that under the guidelines the trial court's order was an abuse of discretion in light of its factual findings regarding the parties' incomes and their shared custody arrangement. We agree.

■ In considering appellant's claims of error, we are mindful that we must apply an abuse of discretion standard. *Ball v. Minnick*, 538 Pa. 441, 449, 648 A.2d 1192, 1196 (1994) (citing *Costello v. LeNoir*, 462 Pa. 36, 337 A.2d 866 (1975)). "A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa.R.C.P. 1910.1 *et seq.*, or abused its discretion in applying these Rules." *Id.* (citing *O'Callaghan v. O'Callaghan*, 530 Pa. 176, 607 A.2d 735 (1992)).

■ We do not question the trial court's factual findings as to the parties' respective incomes or the proportion of time each parent has custody of the children. *Rock v. Rock*, 385 Pa.Super. 126, 560 A.2d 199 (1989). However, the trial court did not base its order upon these findings alone. After arriving at the amount appellant owed under the guidelines, the court deviated from the guidelines based on the support agreement. We reiterate that this action was not premised on the support agreement, but was an action in support which triggered the use of the guidelines.

The trial court cited this court's decision in *Borrell v. Borrell*, 346 Pa.Super. 1, 498 A.2d 1339 (1985), in support of

able in an action for support. At the time of the trial court's decision in this matter, Rule 1910.1(b) provided in pertinent part that "[t]he rules of this chapter shall not govern (1) an action or proceeding for support based upon a contract or agreement unless the contract or agreement provides that may be enforced by an action in accordance with these rules." Pa.R.C.P. 1910.1(b) (as amended Nov. 7, 1988, effective Jan. 1, 1989). Rule 1910.1(b) was amended effective July 1, 1994 to permit enforcement of an agreement through an action in support unless the agreement specifically provides that it may not be so enforced.

the proposition that it should consider the parties' agreement as a factor in determining the appropriate amount of its support order. *Borrell*, however, was decided prior to the adoption of the support guidelines, Pa.R.C.P. 1910.16–1— 1910.16–5. The guidelines were promulgated pursuant to the Act of October 30, 1985, as amended, 23 Pa.C.S. § 4322, which provides that child and spousal support shall be awarded pursuant to statewide guidelines to be established by the Supreme Court by general rule. *Ball v. Minnick, supra* at 450, 648 A.2d at 1197 (1994).

■ Under the guidelines, the amount of the support award determined by application of the grids and formulas is presumed to be correct, and that presumption is rebutted only where "the trier of fact makes a written finding, or a specific finding on the record, that an award in the amount determined from the guidelines would be unjust or inappropriate" Pa. R.C.P. 1910.16–1(b). Such a finding must be based upon factors set forth in Pa.R.C.P. 1910.16–4(b), which provides:

In deciding whether to deviate from the amount of support determined by the guidelines, the trier of fact shall consider

(1) unusual needs and unusual fixed obligations;

(2) other support obligations of the parties;

(3) other income in the household;

(4) ages of the children;

(5) assets of the parties;

(6) medical expenses not covered by insurance;

(7) standard of living of the parties and their children; and

(8) other relevant and appropriate factors, including the best interests of the child or children.

Pa.R.C.P. 1910.16–4(b). These factors are "the *only* factors that a trier of fact may consider in determining whether to deviate." *Ball v. Minnick, supra* at 449, 648 A.2d at 1196 [emphasis added]. Thus, the trier of fact does not have "unfettered discretion to, in each case, deviate from the recommended amount of support. Deviation will be permitted

only where special needs and/or circumstances are present such as to render an award in the amount of the guideline figure unjust or inappropriate." *Id.* at 450, 648 A.2d at 1196.

█ The existence of a prior private support agreement between the parties is not one of the factors included in Rule 1910.16–4 as a permissible basis for departure from the guidelines. Moreover, the mere existence of a support agreement cannot, without evidence of.other special circumstances, establish that the guidelines amount of support is unjust or inappropriate. Thus, to the extent that this court's decision in *Borrell* allowed a trier of fact to consider the provisions of a private support agreement in determining the *amount* of support, we must conclude that its authority has been vitiated by the adoption of the support guidelines and the decision in *Ball v. Minnick, supra.*

█ Appellee in this action elected not to sue on the support agreement, but instead initiated an action in support. By electing this course, she forsook her contract 'right to sue, and instead submitted her claim to the powers of the support court. *Knorr v. Knorr,* 527 Pa. 83, 86–87, 588 A.2d 503, 505 (1991). The support court, in acting on her claim, was not bound by the terms of the parties' agreement. *Id.* It was, however, obliged to comply with the procedures and requirements of the Rules of Civil Procedure Governing Actions for Support, including the support guidelines. *Ball v. Minnick, supra.* In setting the amount of the support award in this matter, the trial court deviated from the guidelines based upon an impermissible factor, namely the support agreement. In doing so, the trial court failed to comply with the procedures and requirements of the Rules. This failure constitutes an abuse of discretion which requires reversal of the order of support.

In reversing the trial court's order in this matter and remanding for further proceedings, we are cognizant that on remand the amendments to Pa.R.C.P. 1910.1(b)(1) which became effective on July 1, 1994, will permit enforcement of the parties' child support agreement directly through the action in

support. This fact, however, does not render our remand a futile act. If, upon remand, the appellee-wife elects to seek court enforcement of the agreement, such enforcement cannot be automatic. The trial court's power to enforce the agreement, based as it is in Section 3105(a) of the Domestic Relations Code, 23 Pa.C.S. § 3105(a)[2], is tempered by its obligation to consider whether allegations of changed circumstances warrant modification of the agreement under Section 3105(b) of the Code, 23 Pa.C.S. § 3105(b).[3]

Order reversed; case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

---

**2.** *See* Pa.R.C.P. 1910.1, Explanatory Comment—1994. Section 3105(a) of the Domestic Relations Code provides:

(a) **Enforcement.**—A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

23 Pa.C.S. § 3105(a).

**3.** Section 3105(b) of the Domestic Relations Code provides:

(b) **Certain provisions subject to modification.**—A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.

23 Pa.C.S. § 3105(b).