655 A.2d 563

**Margaret Smith McCARTY, Appellant,**

**v.**

**Richard A. SMITH.**

Superior Court of Pennsylvania.

Submitted Jan. 9, 1995.

Filed Feb. 27, 1995.

---

**8.** Due to our disposition of this matter on appellant's first issue, we need not address his second issue raised on appeal.

Charles J. Meyer, Philadelphia, for appellant.
Stephen Minor, Port Allegany, for appellee.

Before POPOVICH, JOHNSON and HESTER, JJ.

HESTER, Judge:

Margaret Smith McCarty appeals from the June 3, 1994 support order entered by the Court of Common Pleas of McKean County. Appellant argues that the trial court erred in considering her new husband's income in ordering her to pay support for periods when her two sons were in the physical custody of her former spouse, Richard Smith, appellee. We are constrained to reverse and remand.

The record reveals the following. The parties were married in August, 1972, and divorced in June, 1986. Two sons were born of the marriage: Damon Justin, born February 16, 1977, and Ryan Thomas, born November 11, 1981. Appellee is a high school teacher in Port Allegheny, in western Pennsylvania, and appellant is employed by Temple University in Philadelphia where she moved following the parties' separation. The court awarded appellee partial physical custody of both children for the school year reasoning that this was more stable for them since they could remain in familiar surroundings with friends. During the three summer months, the boys are in the physical custody of appellant. Both parties subsequently remarried.

On October 28, 1986, a child support order was entered which required appellant to pay $397.50 per month for the nine months of the school year. Appellee similarly was ordered to pay appellant $282.50 per month for the three summer months. In September, 1992, both parties filed petitions to modify.

A hearing was conducted on November 20, 1992. The hearing officer recommended an increase in support since the income of both parties and the needs of the children had risen significantly. The hearing officer included one-half of the monthly income of both parties' spouses in making a support recommendation. The court adopted the findings of the hearing officer and entered a new support order on December 15, 1992. The court ordered appellant to pay $422.50 per month during the school year and appellee to pay $406.00 per month

for the three summer months. On December 29, 1992, the court corrected an oversight and doubled the amounts of support to reflect that the recommendations were calculated per month *per child.*

On June 21, 1993, appellee filed a petition to modify in which he alleged that the parties no longer effectively were following the original custody order since both Damon and Ryan were spending additional time with him during the summer months. Accordingly, appellee requested a recalculation of support. Following a hearing on September 13, 1993, the hearing officer reduced appellee's support to $362.00 per child per month and reduced appellant's support to $355.00 per child per month. In calculating support, the hearing officer indicated that he deviated from the guidelines by including one-third of the net monthly income earned by the spouse of each party. Appellant filed a *pro se* appeal in the form of a letter to the court. The court treated her letter as timely exceptions and heard argument on February 18, 1994. The court dismissed appellant's exceptions following argument, and this timely appeal followed.[1]

Our standard of review for appeals from support orders is clear. In *Fee v. Fee,* 344 Pa.Super. 276, 279, 496 A.2d 793, 794 (1985) (citations omitted), we stated:

On appeal, a trial court's child support order will not be disturbed unless there is insufficient evidence to sustain it or the court abused its discretion in fashioning the award. An abuse of discretion is not "merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Boni v. Boni,* 302 Pa.Super. 102, 109, 448 A.2d 547, 550 (1982).

1. Since appellant failed to file timely exceptions to the December 15, 1992 support order, the court properly determined that she had waived her claims to an over-credit for payments made for periods when her sons were with her but were supposed to be in the custody of appellee. Pa.R.A.P. 302(a) (claims not timely raised are waived).

Appellant first argues that her support order is contrary to case law or an abuse of discretion in that the court erred by including one-third of her new husband's income *before* calculating her support obligation from the guideline support grids. She argues that our Supreme Court recently made clear in *Ball v. Minnick*, 538 Pa. 441, 447, 648 A.2d 1192, 1195–96 (1994), that discretion of the trial court is limited significantly in cases where the guidelines are applicable in determining a support order.

The rules make clear that the amount of support as determined from the support guidelines is presumed to be the appropriate amount of support and that any deviation must be based on Rule 1910.16–4.

. . . .

The presumption is strong that the appropriate amount of support in each case is the amount as determined from the support guidelines. However, where the facts demonstrate the inappropriateness of such an award, the trier of fact may deviate therefrom. This flexibility is not, however, intended to provide the trier of fact with unfettered discretion to, in each case, deviate from the recommended amount of support. Deviation will be permitted only where special needs and/or circumstances are present such as to render an award in the amount of the guideline figure unjust or inappropriate.

Appellant also argues that the guidelines themselves make no provision for inclusion of a new spouse's income. Instead, she insists a support obligation must be calculated *solely* from the income of the parents. Appellant therefore contends the court erred in failing to set forth the guideline amount first and then clearly indicating the amount of any deviation as required by the guidelines.

We agree. Explanatory Note (B)(2) to Pa.R.Civ.P. 1910.16–1 states clearly that the guidelines utilize the net incomes of the *parties* to determine the range amount of support. Once that calculation is made and set forth, then the net income of a new spouse may be considered as a basis to

deviate from the guideline calculation. *See* Pa.R.Civ.P. 1910.16–4(a), which provides, "If the amount of support deviates from the amount of support determined by the guidelines, the trier of fact shall specify, in writing, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation." *See also* Pa.R.Civ.P. 1910.16–4(b)(3), which allows deviation from the guidelines for "other income in the household."

■ Furthermore, we agree with appellant that there is no support in the record which justifies the amount of deviation in writing. No testimony was taken with regard to how much her new spouse contributes to the joint household expenses, which would increase appellant's income available for support. The procedure of including a portion of the income of appellant's spouse before calculating support impermissibly increases and overstates appellant's income relative to the grid calculation. *See Astillero v. Shotwell,* 294 Pa.Super. 222, 228, 439 A.2d 831, 833 (1982) (footnote omitted), where we stated, "[W]e are again reminded that there is no duty imposed upon Mother's second spouse to support the children of his wife's earlier marriage, and accordingly, his income, for the purpose of determining the sums he may contribute to the support of such children, is not relevant." This could lead to an improperly excessive or inadequate calculation of her obligation under the guidelines, which contain their own allocation of child care expenses between the parents. *See Steinmetz v. Steinmetz,* 381 Pa.Super. 440, 554 A.2d 83 (1989) (new custody arrangement may affect the financial allocation between the parties).

In the instant case, the court considered the net income of appellant's current husband as a basis for deviating from the guideline support before determining the guideline amount. However, the deviation must be made *after* the guideline amount is determined. Furthermore, the deviation must be based and supported by testimony or evidence regarding contributions by appellant's current spouse toward joint expenses of appellant's new household. *Cf. Blaisure v. Blaisure,* 395 Pa.Super. 473, 577 A.2d 640 (1990) (trial court must

consider expenses incurred by supporting parent for children from a second marriage in his care).

Order reversed and remanded for proceedings consistent with this Opinion.