691 A.2d 939

**Kimberly J. LANDIS, Appellant,**

v.

**Steven D. LANDIS.**

Superior Court of Pennsylvania.

Argued Jan. 9, 1997.

Filed March 25, 1997.

728

Janice R. Yaw, Williamsport, for appellant.

William J. Miele, Williamsport, for appellee.

Before CAVANAUGH, JOHNSON and EAKIN, JJ.

CAVANAUGH, Judge:

Appellant, Kimberly J. Landis, and appellee, Steven D. Landis, were separated August 24, 1994. The parties have two minor children, Brett, born on December 10, 1984, and Vanessa, born May 11, 1983. Both children reside with their mother. Following a support hearing, by Order dated October 27, 1994, child support was awarded to Kimberly Landis in the amount of $600.81 and spousal support, which was converted into Alimony Pendente Lite, in the amount of $229.26. Petition to modify that order was filed by Steven Landis requesting a reduction in the amount of child support awarded. He argued that receipt of Supplemental Security Income (hereinafter "SSI") by Brett, one of the minor children, should be considered as additional income for appellant wife in considering whether to deviate from the support guidelines.

The Hearing Officer reviewed the matter and agreed and reduced the award of support. Upon consideration of Kimber-

ly's earning capacity of $479.00 per month and Steven's income of $1,708.00 per month and also considering a child care expense of $20.00 per week, violin rental expenses of $27.00 per month, and now, an SSI payment averaging $292.00 per month, the hearing officer reduced the award of child support to $410.69 per month and Alimony Pendente Lite to $163.49.[1] The hearing officer stated that this deviation was appropriate because a portion of the SSI payments were used for household expenses and not simply for the medical expenses for the minor child. Kimberly Landis filed exceptions to this decision which were denied by the trial court.

Kimberly Landis now appeals the reduction of her child support and argues the following:

1) The trial court abused its discretion in determining SSI benefits were income to her household.

2) The trial court abused its discretion in deviating the child support in an amount lower than if the SSI benefits had been included as household income.

3) The trial court abused its discretion in not considering the unusual expenses of the handicapped child and the fact that the SSI was for the child and not to reduce appellee's obligation for child support.

In child support cases our standard of review is as follows:

[T]he amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground.

1. Effective April 1, 1995, the child support award was reduced further to the amount of $367.36 because child care expenses were no longer considered. This change was not at issue in this appeal.

*Kessler v. Helmick,* 449 Pa.Super. 113, 118, 672 A.2d 1380, 1382 (1996)(quoting *Griffin v. Griffin,* 384 Pa.Super. 188, 193, 558 A.2d 75, 77 (1989)(en banc)).

■ Appellant first argues that the court should not have considered the SSI payments in calculating her household income. She claims that the court abused its discretion in determining that the SSI payments were income in light of a specific rule found in the guidelines which states that "[n]either public assistance nor Supplemental Security Income (SSI) benefits shall be counted as income for purposes of determining support." Pa.R.C.P. 1910.16–5(q) (1993).

The trial court agreed that it is not proper to consider SSI payments in calculating the amount of an award of support under the guidelines. However, the court concluded that the rule does not pertain to situations involving a deviation from the guidelines. The court stated that when deviating from the guidelines SSI payments constitute "other income in the household" which must be considered in deciding whether to deviate from the guidelines. Pa.R.C.P. 1910.16–4(b)(3). Appellant argues that the court has circumvented this rule and considered the payments as income in reducing the amount of child support. We disagree.

■ The law is well settled that in support cases there is a rebuttable presumption that the amount of an award for support which results from the application of the guidelines is correct. 23 Pa.C.S.A. § 4322(b); *Elias v. Spencer,* 449 Pa.Super. 359, 364, 673 A.2d 982, 984 (1996); *McCarty v. Smith,* 440 Pa.Super. 280, 284, 655 A.2d 563, 565 (1995). However, where the facts demonstrate that this award is unjust or inappropriate, the trier of fact has the discretion to rebut that presumption and deviate from the guidelines. *Id.* In order to rebut this presumption the court must provide a written explanation why the deviation from the guidelines was necessary. *Id.* In deciding whether to deviate, the trier of fact shall consider the following:

(1) unusual needs and unusual fixed obligations;

(2) other support obligations of the parties;

(3) other income in the household;

(4) ages of the children;

(5) assets of the parties;

(6) medical expenses not covered by insurance;

(7) standard of living of the parties and their children; and

(8) other relevant and appropriate factors, including the best interest of the child or children.

Pa.R.C.P.1910.16–4; *Elias v. Spencer, supra,* at 365, 673 A.2d at 984.

We agree with the trial court's position that SSI payments are "other income in the household" and in the trial court's discretion, may be considered as a basis for deviating from the guidelines when it is necessary to avoid an unjust or inappropriate result.

This conclusion is based in part upon the decision of *Crawford v. Crawford,* 429 Pa.Super. 540, 633 A.2d 155 (1993). In that case this court addressed this identical issue. There, because the lower court used the terms social security and SSI benefits interchangeably, we remanded the case for a determination of whether the benefits should have been included in income. Nevertheless, we continued on to note that although SSI "may not be considered in calculating support under the guidelines, we believe that the trial court in its discretion may consider such income as a basis for deviating from the guidelines ... where application of the guidelines would render an unjust result." *Crawford, supra,* at 561, n. 11, 633 A.2d at 165, n. 11. Although, this conclusion is dicta, we find the reasoning sound. We stated that the presumption established by the guidelines was still subject to judicial discretion based upon the appropriate evidence. We relied upon 23 Pa.C.S.A. § 4322(b), which reads that where the application of the guidelines would be unjust or inappropriate in a particular case it "shall be sufficient to rebut the presumption in that case." [2]  23 Pa.C.S.A. § 4322(a). Therefore, it stands to rea-

---

**2.** This court also relied in part upon the proposition that "the guidelines are not mandatory, but a starting point and by implication they cannot and do not supersede *Melzer* or deny the trial judge or hearing officer of

son, that in order to avoid an unjust result in certain cases it is proper to consider SSI benefits as "other income in the household," where the evidence is sufficient to rebut the presumption.

The parties do not cite, nor do we find any other case in this Commonwealth addressing Pa.R.C.P. 1910.16–5(q), pertaining to the exclusion of SSI as income in determining support awards.

However, in *Whitmore v. Kenney,* 426 Pa.Super. 233, 626 A.2d 1180 (1993), support can be found for the underlying proposition that SSI payments are "other income in the household." In *Whitmore,* we decided that a federal statute would not preclude the recipient of SSI from satisfying a child support order. We stated that the trial court's use of SSI benefits in its calculations was consistent with this Commonwealth's support law which incorporates "social security benefits" and "permanent disability benefits" into its calculations to arrive at income. Furthermore, we noted that the amount of support should include an evaluation of various factors which includes "other income in the household." *Whitmore, supra,* at 243, 626 A.2d at 1185 (quoting Pa.R.C.P. 1910.16–5). Thus, in this case the trial court below was correct to consider SSI as "other income in the household" as was done in *Whitmore.*

Appellant relies upon *Sanders v. Lott,* 428 Pa.Super. 119, 630 A.2d 438 (1993), where this court considered whether public aid was income for support calculations. This decision does not address the immediate provision regarding the exclusion of SSI from support calculations. In *Sanders,* we found that welfare was not income and that it should not be consid-

the discretion to mold support orders to meet the specific conditions of the parties." *Crawford, supra,* at 561, n. 11, 633 A.2d at 165, n. 11. We quoted this statement from *Ball v. Minnick,* 414 Pa.Super. 242, 606 A.2d 1181 (1992) (plurality opinion) *aff'd* and *remanded* 538 Pa. 441, 648 A.2d 1192 (1994)). Our decision was appealed on other grounds. The Supreme Court specifically stated that the above quotation "misperceives" the guidelines and that it was an incorrect statement of the law. The Supreme Court concluded that the guidelines are not simply a starting point but a rebuttable presumption. That holding does not alter our conclusion as it remains true that the presumption is rebuttable within the trier of fact's discretion.

ered as a circumstance for deviating from the support guidelines. Specifically, we found that public aid was not contained within the definition of income and accordingly, it could not be considered in deviating from the support guidelines.

Appellant's reliance on this case is misplaced. It is important to note that instantly, our inquiry is focused upon SSI, and that we are not dealing with a case where a custodial parent is on welfare. SSI is awarded "[t]o assist those who cannot work because of age, blindness or disability." *Whitmore,* supra, at 236, 626 A.2d at 1182 (1993)(quoting S.Rep. No. 92–1230, p.4 (1972), U.S.Code Cong. & Admin. News, p. 4989. Social Security Act at 42 U.S.C. § 1381 et seq.; 20 C.F.R. § 416.110 (1992)). In *Sanders,* we relied upon the fact that because public aid was not income it did not fall within the enumerated reasons to deviate from the guideline amount. Therefore, deviation was not proper. However, if we follow that rationale instantly, we logically conclude that SSI is included in the definition of income.

The statutory definition of income includes "temporary or permanent disability payments" and as stated, the purpose of SSI payments are intended to assist those who cannot work because of age or disability. 23 Pa.C.S.A. § 4302. Therefore, the purpose of SSI is to provide the recipient with disability benefits and as such is specifically incorporated into the definition of income. The *Sanders* rationale supports our conclusion that SSI is income for support purposes and can be properly considered when deviating from the guidelines.

Furthermore, had it been intended that the court should not consider such payments when deviating from the guidelines such wording could have been easily included in the statutory guideline section pertaining to deviations, as was done in the section which controls the initial determination of support awards. The plain and ordinary meaning of the phrase "other income," in the section pertaining to deviations, implies income that was not initially considered. Thus, as was stated in *Crawford,* the guidelines provide only a rebuttable presumption which can be rebutted through the consideration of certain factors, one of which is a situation where other income

enters the household which has the effect of creating an unjust result. We find that the court properly considered SSI as other income in the household in their consideration of whether or not to deviate from the guidelines.

■ Appellant's second argument is that the court abused its discretion when deviating from the guideline. The court averaged the SSI benefits out to be $292.00 per month. Appellant claims that the award of support in the amount of $376.36 is a reduction of $110.64 from the guideline recommendation of $478.00. Appellant arrives at these figures by erroneously claiming that the Hearing Officer added the SSI into the appellant's monthly earning capacity of $479.00 for a total of $771.00, which after you apply the guideline grids, yields a support of $478.00. This assertion is incorrect. The Hearing Officer did not add the SSI payments directly to the earning capacity but simply considered that figure in determining whether to deviate from the original support award. The trial court properly considered the guidelines and then reduced the child support award to $367.36 per month. We find *no clear abuse of discretion by the trial court.*

As stated above, once the court has properly consulted the guidelines to arrive at an award the court has the discretion to deviate from that figure provided adequate reasons for the deviation are provided. Pa.R.C.P., Rule 1910.16–4; 23 Pa. C.S.A. § 4322(b); *Elias, supra,* at 364, 673 A.2d at 984. In the case at bar, the Hearing Officer specifically stated on the record that "[t]his deviation is based upon application of a portion of the SSI payment to household expenses." The trial court agreed and also noted that the SSI payments represented additional income in appellant's household which were available for expenses other than the child's medical expenses. Thus, we find that the court did not abuse its discretion.

Appellant's final argument is that the SSI payments received should not be considered income because they were for the minor child and were to be used to meet his unusual expenses, and not intended as income to the household. In the alternative, if they are income appellant argues that the

payments should only be income to the extent that they exceed the expenses of the child.

Appellant's final claim fails to demonstrate by clear and convincing evidence any abuse of discretion. *Kessler, supra,* at 118, 672 A.2d at 1382. As discussed above, the court properly considered the SSI payments as part of the income in the household. The record clearly supports the conclusion that the amount of SSI payments appellant received was used for expenses other than that needed for her child. Appellant even testified that the payments were used for her bills and daily household expenditures. Therefore, these payments clearly constitute "other income in the household." Thus, the court did not abuse its discretion in considering this amount when determining whether to deviate from the guidelines.

Order affirmed.