J-A35027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| DINA A. DICENZO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDREW D. HEARY, | |
| Appellant | No. 442 WDA 2015 |

Appeal from the Order Entered February 23, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): FD 07-8810-006

BEFORE:  BENDER, P.J.E., SHOGAN, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 11, 2016**

Andrew D. Heary ("Father") appeals from the February 23, 2015 order dismissing his exceptions to a Master's child support recommendation and making the November 20, 2014 recommendation final.  We affirm.

Father and Dina A. DiCenzo ("Mother") are the parents of two minor daughters ("the Children").  They were married in April of 2000 and divorced in June 2010.  Father has received Social Security disability support since 2002 when he was injured in a motorcycle accident; Mother is an obstetrician/gynecologist.  Father sought an upward deviation from the $2,462.62 guideline amount of child support to $6,200 per month, based on his $2,899.91 net monthly income versus Mother's $24,858.89 net monthly income and the lifestyle of the Children.  The Master recommended that Mother pay $2,462.62 per month to Father in child support.  Hearing and

Recommendation, 11/20/14, at 1. Father filed exceptions, which the trial court dismissed. Trial Court Order, 2/23/15. This appeal followed. Father and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Father presents the following questions for our review:

1. Whether the Hearing Officer failed to consider the relative assets and liabilities of the parties?

2. Whether the Hearing Officer failed to permit evidence or testimony concerning the relative assets and [liabilities] of the parties?

3. Whether the Hearing Officer failed to consider the standard of living of the parties' children?

4. Whether the Hearing Officer failed to consider [Father's] expenses for the children's activities?

5. Whether the Hearing Officer failed to consider [Father's] extraordinary expenses?

6. Whether the Hearing Officer failed to consider [Father's] additional expenses incurred as a result of one child's medical condition?

7. Whether the Hearing Officer failed to consider [Father's] Request for an upward deviation from the guideline support amount even though he had a reasonable basis for his request based on the factors listed in Pa. R.C.P. 1910.16-1[?]

Father's Brief at 4–5.

Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record.

The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

***J.P.D. v. W.E.D.***, 114 A.3d 887, 889 (Pa. Super. 2015) (quoting ***R.K.J. v. S.P.K.***, 77 A.3d 33, 37 (Pa. Super. 2013) (citations and quotation marks omitted)). "A party seeking to modify a support order has the burden of proving a modification is warranted and that he/she promptly filed a modification petition." ***Krebs v. Krebs***, 944 A.2d 768, 774 (Pa. Super. 2008) (citation omitted). The amount of support indicated by the guidelines presents a rebuttable presumption. Pa.R.C.P. 1910.16–1(d). In deciding whether to deviate from the guidelines, the trial court shall consider, *inter alia*, the relative assets and liabilities of the parties and the standards of living of the parents and the children. Pa.R.C.P. 1910.16–5(b)(5) and (7).

We have reviewed the parties' briefs, the certified record, the relevant case law and statutory authority, and the trial court's Pa.R.A.P. 1925(a) opinion. Trial Court Opinion, 6/1/15.[1] Based on that review, we conclude that the trial court adequately and accurately disposed of Father's myriad challenges to the support order in its opinion to this Court. Therefore, we affirm the support order on the basis of the trial court's Rule 1925(a) opinion, which we adopt as our own. The parties are instructed to attach a

---

[1] We correct the trial court's pinpoint citation of ***Elias v. Spencer***, 673 A.2d 982 (Pa. Super. 1996). The correct cite is to page 984.

copy of the trial court's June 1, 2015 opinion to this memorandum in future proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2016

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

DINA A. DICENZO,

        PLAINTIFF,

    v.

ANDREW D. HEARY,

        DEFENDANT.

No. F.D. 07-008810-006
Superior Court #442 WDA 2015

## OPINION

Kim D. Eaton, Judge                          Date 6-1-15

Defendant Andrew D. Heary (Father) appeals from this Court's Order of February 23, 2015 dismissing his exceptions to the child support Recommendation of the Special Master.

The parties were married on April 8, 2000, separated on October 2, 2007 and divorced by decree entered June 24, 2010. They are the parents of two children, Grace Heary born July 11, 2004 and Claire Heary, born November 13, 2005. Father has two adult children from a previous marriage. The parties share custody of the children equally on a 2/2/5/5 schedule. Mother is a high earning physician. Father is unemployed and collecting Social Security Disability benefits. The parties executed two agreements to settle their claims. On July 13, 2009, a consent order was entered regarding economic claims in which Mother paid Father cash of $87,887, 50% of her Fidelity 467B account, 50% of her Fidelity 403B account, 50% of her West Penn Allegheny Health System (WPAHS) defined benefit retirement plan and 50% of her IRA. Wife agreed to pay alimony to Father until Father reached 59½, and child support of $3000 per month. Following an appeal filed by Father docketed at 1859 WDA 2010, the parties entered into a

2

second agreement dated March 29, 2011 in which Mother agreed to pay $4100 per month in alimony and child support through December 2013 and $400 a month to defray his medical expenses until the younger daughter graduated from high school.

On March 19, 2014, Father filed a petition to modify child support seeking an additional $3,200 per month. At his request, the matter was designated complex. Written discovery was exchanged, Mother was deposed and a hearing was held before Special Master Ferber on November 20, 2014.

Mother is an obstetrician/gynecologist with WPAHS with gross annual earnings in 2014 of $422,555. Father's social security disability monthly benefit is $2,468, from which $1,086 is taken to satisfy alimony obligation to his first wife. He receives a derivative of $617 for each of the girls and $30 a month from a pension benefit. Based upon the income of the parties, the guideline amount for support for two children is $2463.

Father contends that he is unable to pay his expenses with the income and child support he currently receives. The money he received in equitable distribution was spent to retire his debt and buy a car. Having reached 59½, he is no longer getting alimony. Father seeks an upward modification to $6,200, an amount, which he claims, would enable him to continue to live the lifestyle he deems appropriate without filing for bankruptcy. Father's debt is staggering. In addition to the $1086 alimony payment, he pays his first wife $1,165 a month towards child support arrears of $44,750. He owes over $100,000 in legal fees to three different attorneys. He has 17 credit cards all with outstanding balances. None of his debt is related to the children at issue in this support matter. Father presented a budget at the hearing showing monthly expenses

3

of $20,496 per month. The only expenses that he was able to attribute even partial to the children was $300 per month for clothing and $877 for high quality food. (Ex. T).

On November 20, 2014, the Special Master recommended a guideline order of $2,463 based on net monthly income for Father of $2900 and net monthly income for Mother of $24,939. Father's exceptions were dismissed by Order dated February 23, 2015. Father timely appealed, and, in response to an Order issued pursuant to Pa.R.A.P. 1925(b) filed a Statement of Matters Complained of on Appeal raising the following assignments of error:

1. The Master failed to consider the relative assets and liabilities of the parties.

2. The Master failed to permit evidence or testimony concerning the relative assets and liabilities of the parties.

3. The Master failed to consider the standard of living of the parties and the children.

4. The Master failed to take into consideration Father's expenses for the children's activities.

5. The Master failed to take into consideration Father's extraordinary expenses.

6. The Master filed to take into consideration Father's additional expenses incurred as a result of one child's medical condition.

7. The Master failed to consider Father's request for an upward deviation from the guideline support amount even though he had a reasonable basis for his request based on the factors listed in Pa.R.C.P. 1910.16-1.

Support actions are governed by Pennsylvania Rules of Civil Procedure 1910.1 through 1910.50. Initially, Pa.R.C.P.1910.16–1(d) provides as follows:

(d) Rebuttable Presumption. If it has been determined that there is an obligation to pay support, there shall be a rebuttable presumption that the amount of the award determined

4

from the guidelines is the correct amount of support to be awarded. The support guidelines are a rebuttable presumption and must be applied taking into consideration the special needs and obligations of the parties. The trier of fact must consider the factors set forth in Rule 1910.16-5. The presumption shall be rebutted if the trier of fact makes a written finding or a specific finding on the record, that an award in the amount determined from the guidelines would be unjust or inappropriate.

Pa.R.C.P. 1910.16-5(b); Arbet v. Arbet, 863 A.2d 34 (Pa. Super. 2004). Rule 1910.16-5 provides as follows:

(a) Deviation. If the amount of support deviates from the amount of support determined by the guidelines, the trier of fact shall specify, in writing, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation.

(b) Factors. In deciding whether to deviate from the amount of support determined by the guidelines, the trier of fact shall consider:

(1) Unusual needs and unusual fixed obligations;

(2) Other support obligations of the parties;

(3) Other income in the household;

(4) Ages of the children;

(5) Assets of the parties;

(6) Medical expenses not covered by insurance;

(7) Standard of living of the parties and their children;

(8) In a spousal support or alimony pendente lite case, the period of time during which the parties lived together from the date of marriage to the date of final separation; and

9) Other relevant and appropriate factors, including the best interests of the child or children.

Pa.R.C.P. 1910.16-5(b).

In determining whether to deviate from the amount of child support mandated by the guidelines set forth in the rules of civil procedure, the trier of fact is required to consider all

5

relevant factors. <u>Suzanne D. V. Stephen W.</u>, 65 A.3d 965, 973 (Pa. Super 2013). No one factor alone will necessarily dictate that the amount of support should be other than guideline figure. Rather the trier of fact must carefully consider all relevant factors and make a reasoned decision as to whether consideration thereof indicates that there are special needs and/or circumstances, which render deviation necessary. <u>Elias v. Spencer</u>, 673 A.2d 982, 986 (Pa Super. 1996). The party seeking modification of child support bears the burden of proving that the modification is warranted. <u>Sirio v. Sirio</u>, 951 a.2d 1188 (Pa. Super. 2008). At the conclusion of the hearing, after considering all relevant factors, the Master decided that Father failed to produce sufficient evidence warranting upward modification. The Master determined that the guideline amount was just and appropriate.

Father's first two matters relate to the Court's alleged failure to consider the parties' relative assets and liabilities. Father testified at length about his outstanding debt. Father claims that he needs the increase in child support to avert filing for personal bankruptcy. The vast majority of his debt is from obligations to his former wife and children, and to the parade of attorneys, he retained to litigate against Mother. Father conceded at the hearing that none of his outstanding financial obligations is related to expenses for the children. (Tr. 24-34, 68-72). There was extensive evidence offered regarding Father's assets, which include a new house, two cars, a motorcycle, a camper and a boat. Mother lives in a 7,000 square foot home, has an au pair and takes the girls on lavish vacations. Unquestionably, Mother has more assets and fewer liabilities at present than Father. The difference in the parties' relative assets and liabilities was appropriately and adequately handled during the equitable distribution proceedings, and in light of the evidence presented, was not sufficient in and of itself to justify a deviation in child support.

6

Father's third matter asserts that the Master failed to take into consideration the parties' standard of living. This is a factor to be considered, and the Master permitted Father to introduce evidence of this. Father testified that Mother takes lavish, expensive vacations while he travels by modest camper. That is the sum total of evidence offered regarding her standard of living. Father continues to maintain a high standard of living. Father testified about the considerable expenses he incurs for his home and the upkeep of his two cars. (Tr. 27-28, 31, 35, 37, 73). He paid $279,000 for a house in 2008. He recently purchased a new car. He employs a handyman, and takes the children on vacations to Disney

Father's fourth, fifth and sixth matters relate to his extraordinary expenses for the children's extra-curricular activities. Father presented no evidence that he was incurring extraordinary expenses for the children's activities. The activities in which the children are engaged are typical of children their age. The only costs to which Father testified are $25 for piano lessons, $90 a month for Claire's guitar lessons and $40 a month to rent a cello. Father can easily pay these costs with the guideline amount. Father contends that Grace's medical condition is causing him to incur additional expenses. Grace's medical condition is that she is overweight. She has been going to UPMC weight management since she was three years old. Mother pays for health insurance, which covers all costs of Grace's medical condition. There is no expense to Father for this other than an occasional co-pay of $40. Doctors have recommended five servings of fruits and vegetables daily and an hour of aerobic exercise daily. According to Mother, any aerobic activity, which they enjoy, is sufficient. While in her custody, Grace participates in swimming and horseback riding for which Mother pays. Father does not approve of swimming. Father has both girls enrolled in ballet, Irish dance, and hip-hop dancing and tumbling. Father wants Mother to pay for these activities.

7

According to the parties' agreement, they are to share expenses of extra-curricular activities to which they both agreed. They do not agree on many. Father contends that activities must be instructed by professionals and be measurable, definable and repeatable. Mother contends that they need aerobic activities. On March 26, 2014, Father filed a Motion for Contempt, seeking to compel Mother of pay her share of these activities. A hearing on Father's motion was scheduled at the time of this complex support hearing. Since Mother's obligation to pay for the expenses of the activities for which Father sought an upward deviation was being litigated separately, the Special Master appropriately deferred this. The Master noted in her Hearing Summary that "any money owed from one parent to the other for mutually agreed upon extra-curricular activities both in the past and for the future, "will be addressed in that hearing. If it is determined that Wife should be paying for these activities under their agreement, Father would be reimbursed at that time. This was not a factor militating in favor of a deviation.

In his seventh matter, Father generally complains that the Court erred in denying his request for an upward deviation. Father failed to come forward with sufficient factual evidence from which the Court could justify a deviation under Rule 1910.16. The children do not have unusual needs or high medical expenses, which Father is required to pay. Mother is already paying for Father's medical expenses. The fact that Mother has a significantly higher income from Father is not a sufficient basis to deviate from the guidelines. The Special Master assigned to the complex support hearing also presided over the equitable distribution proceedings. She was very familiar with the parties and their financial situation. Father's admittedly unfortunate financial situation is of his own doing and wholly unrelated to unusual expenses for the children. The expenses, which he is unable to pay on his current income, are legal fees, upkeep of his house and upkeep of his two cars. While Father argued that, he needs to maintain a certain

8

lifestyle for the benefit of the children. Father's fixed expenses are unrelated to the children. The guideline amount, coupled with the derivative benefit, is more than sufficient to provide for the children for the 50% of the time they are in his custody. Mother is not legally responsible to pay more in child support than the guidelines provide so that Father may maintain a lifestyle, which he can no longer afford.

For the foregoing reasons, the Court dismissed Father's exceptions.

BY THE COURT

_____ J.

Kim D. Eaton

9