J-S14018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| P.W. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| S.M.S. | |
| | No. 1126 MDA 2015 |

Appeal from the Order Entered March 16, 2015
In the Court of Common Pleas of York County
Domestic Relations at No(s): 02052 SA 2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                      **FILED APRIL 07, 2016**

Appellant, P.W. ("Mother"), appeals from the order setting child support liability for S.M.S. ("Father").[1] Mother contends that the trial court erred in applying the support guidelines. After careful review, we agree with Mother and therefore vacate the order and remand for further proceedings.

Mother initially filed a petition seeking child support in Bucks County on July 8, 2015. The case was transferred to Father's jurisdiction, York

---

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court's order is dated February 20, 2015, but was not entered on the docket until March 16, 2015, and the order indicates that it was mailed to the parties on that same date. Mother's notice of appeal, filed April 6, 2015, is therefore timely. **See** Pa.R.A.P. 108(b); **In re L.M.**, 923 A.2d 505 (Pa. Super. 2007) (appeal was not untimely where there was no indication on the docket that Rule 236 notice had been given).

County, on October 14, 2014. After a support conference, the conference officer entered an order imputing an earning capacity to Mother and directed Father to pay $560.13 in basic support and $60 in arrears per month.

Mother filed a *pro se* request for a *de novo* hearing in the trial court. A hearing was held on February 12, 2015. It is undisputed that Father has a pre-existing support order for prior children from another family. At the conclusion of the hearing, the trial court entered an order that, among other things, found that it was unnecessary to determine Mother's earning capacity, as Father's liability for support of all his children was capped at 50% of his income, and the pre-existing support order consumed over two-thirds of Father's income. The trial court declined to address Mother's claim for unreimbursed birth expenses, as it concluded that the issue was not before it. Finally, the trial court ordered the conference officer to recalculate the order pursuant to these findings. On February 20, 2015, the trial court signed the recalculated order.

On appeal, Mother raises four issues with the trial court's order. The first two issues challenge the trial court's application of Pa.R.C.P. 1910.16-7(b) to this case. Rule 1910-16-7(b) provides, in relevant part, that

> [w]hen the total of the obligor's basic support obligations exceeds fifty percent of his or her monthly net income, the court may consider a proportional reduction of these obligations. Since, however, the goal of the guidelines is to treat each child equitably, in no event should either a first or later family receive preference.

The Rule proceeds to provide examples of its application, all of which indicate that a court must calculate the guideline support obligation to all families separately before applying a proportional reduction to the obligation to all families.

Furthermore, this Court has held under other circumstances that deviations from the guideline amounts "must be made *after* the guideline amount is determined." **McCarty v. Smith**, 655 A.2d 563, 566 (Pa. Super. 1995) (emphasis in original). Thus, the trial court was required to determine Mother's income under the guidelines, and then determine Father's presumptive guideline obligation to the parties' child. The trial court failed to do so. Similarly, the trial court failed to rule on Mother's claim that she should not be assessed an earning capacity due to the nurturing parent doctrine. Application of the nurturing parent doctrine requires factual findings and credibility assessments, which are within the bailiwick of the trial court. We therefore vacate and remand for the trial court to address Mother's nurturing parent claim, determine what Mother's income is under the guidelines, and then calculate Father's presumptive guideline support liability.

Once that is done, and assuming, as appears clear from the record, that Father's total obligations to both families would exceed 50% of his income, the trial court must reduce his obligation to each family proportionally, showing no preference for either family. **See** Pa.R.C.P., Rule

1910.16-7(b). This procedure will also address Mother's third issue on appeal, where she challenges the trial court's 55/45 split, between Father and Mother respectively, of the child's unreimbursed medical expenses in light of her contention that she should not be assessed any income pursuant to the nurturing parent doctrine. If the trial court concludes that Mother has established the application of the doctrine, it should recalculate this liability as well.

In her fourth and final issue on appeal, Mother asserts that the trial court erred in failing to address her claim for unreimbursed birth-related expenses for the child. The trial court ruled that the issue was not before it. However, Mother's petition includes a claim for these expenses. We therefore agree with Mother that it was error for the trial court to fail to address this claim. On remand, the trial court must address this issue.

As we have vacated the order and concluded that factual findings and re-calculations are required, we leave it to the discretion of the trial court as to what proceedings, if any, it requires to address the issues on remand.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2016