J-S60029-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| F.A.N. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.U. | : | |
| | : | |
| Appellant | : | No. 477 WDA 2017 |

Appeal from the Order Entered February 21, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  FD-15-000585

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                    FILED DECEMBER 21, 2017

Appellant, S.U. ("Mother"), appeals pro se from the February 21, 2017 Order entered in the Court of Common Pleas of Allegheny County that ordered Mother to pay a monthly child support obligation of $804.38.  After careful review, we affirm.

Mother and Appellee, F.A.N. ("Father"), share legal and physical custody of their three-year-old child, F.C.N.N. ("Child").  In October 2016, Father filed a Complaint for Support seeking child support.[1]  On December 13, 2016, after both parties appeared at a support conference, the hearing officer issued a child support Report and Recommendation, which

_____

[1] Father's Complaint for Support displays a "filed" stamp date of October 28, 2016, but appears on the docket on October 26, 2016.

_____
*   Former Justice specially assigned to the Superior Court.

recommended that Mother pay Father $893.75 in child support per month.[2]

Mother filed timely Exceptions. On February 21, 2007, the trial court issued

an Order sustaining Mother's Exceptions in part, granting a deviation for

Mother's monthly fixed student loan obligation, and reducing Mother's

monthly child support obligation to $804.38.[3]

Mother timely appealed. Both Mother and the trial court complied with

Pa.R.A.P. 1925.

Mother raises the following issues on appeal:

I.    Wheter [sic] the trial court failed to provide an on[-]the[-]
      record or in[-]writing explanation as to how the net figures
      were reached and what formula was used to reach the
      support obligation and failure to consider the [Self-Support
      Reserve ("SSR")] of $931[.00]?

II.   Whether the trial court failed to consider that [Mother] was
      responsible for the "mortgage" at the marital residence
      which also includes the utilities that must be paid for the
      children to have a place to live?

III.  Whether the trial court failed to consider that [Mother] had
      to provide for 2 children that resides [sic] with Mother [for]
      which she has 100% responsibility?

Mother's Brief at 5 (some capitalization omitted).

Appellate review of a child support order is very narrow. We may

reverse a support order only if we find that the Order cannot be sustained on

_____

[2] The Report and Recommendation set arrears at $1,963.80.

[3] The 2/21/17 Order adjusted arrears to $1,761.59.

any valid ground. Krebs v. Krebs, 944 A.2d 768, 772 (Pa. Super. 2008). This Court will not interfere with the broad discretion afforded the trial court "absent an abuse of the discretion or insufficient evidence to sustain the support order." Id. (citation and quotation omitted). "An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused." Arbet v. Arbet, 863 A.2d 34, 39 (Pa. Super. 2004) (citation and quotation omitted). Importantly, we acknowledge, "the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests." Id. (citation and quotation omitted).

In her first issue on appeal, Mother avers that the trial court failed to provide an explanation on the record as to how the child support figures were determined and failed "to consider the SSR of $931[00.]" Mother's Brief at 9.

In support cases, "there is a rebuttable presumption that the amount of an award for support which results from the application of the Support Guidelines is correct." Landis v. Landis, 691 A.2d 939, 941 (Pa. Super. 1997) (citations omitted). Nevertheless, "where the facts demonstrate that this award is unjust or inappropriate, the trier of fact has the discretion to rebut that presumption and deviate from the guidelines." Id. at 941 (citations omitted). Pa.R.C.P. No. 1910.16-5 provides, in pertinent part,

"[i]f the amount of support deviates from the amount of support determined by the guidelines, the trier of fact shall specify, in writing or on the record, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation." Pa.R.C.P. No. 1910.16-5(a).

The SSR is based on the federal poverty level for one person. Pa.R.C.P. No. 1910.16-1 cmt. D (2010). The SSR is built into the Rule 1910.16-3 child support schedule and adjusts the basic support obligation to prevent the obligor's net income from falling below the SSR, or $931.00 per month. Id. See also Pa.R.C.P. No. 1910.16-3 cmt. (2013) (Explaining that the basic child support schedule has been amended to reflect an increase in the SSR to $931.00.).

Instantly, the hearing officer issued a Report and Recommendation, which stated, "[t]he guideline is recommended" and advised that Mother pay Father child support in the amount of $893.75 per month based on the parties' incomes and the Pennsylvania Child Support Guidelines ("Guidelines"). Hearing Summary, dated 12/22/16. Upon consideration of Mother's Exceptions, the trial court issued an order granting Mother a "deviation under [Rule] 1910.16-5(b)(1) for her monthly fixed student loan obligation of $721.00" and reduced Mother's monthly support obligation from $893.75 to $804.38 retroactive to October 26, 2016. Order, 2/21/17. The trial court specified in writing the reasons for the deviation in compliance with Rule 1910.16-5 and, thus, we find no abuse of discretion. See Pa.R.C.P. 1910.16-5(a).

- 4 -

As to Mother's claim that the trial court failed to consider the SSR of $931.00, Mother fails to cite any authority to support this contention, and, thus we find this claim waived. See Commonwealth v. B.D.G., 959 A.2d 362, 371-72 (Pa. Super. Ct. 2008) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived."). Even if Mother had properly developed the issue, it would warrant no relief. The trial court observed that the SSR is "simply not applicable in this matter" because Mother had a gross income of over $100,000.00. Trial Court Opinion, 4/26/17, at 3. The record supports this finding. Accordingly, this issue is meritless.

Mother next argues that the trial court erred when it failed to grant a downward deviation in her monthly child support obligation because Mother occupies the martial residence and is responsible for paying the mortgage and utility bills. Mother's Brief at 16. Mother acknowledges that pursuant to Pa.R.A.P. 1910.16-6(e), the court may order a downward deviation if the mortgage payment exceeds 25% of the obligor's monthly net income. Id. Mother concedes that her mortgage payment is $823.00 per month, which does not exceed 25% of the trial court's monthly net income assessment of $6,254.00 per month. Id. at 11, 17. Mother nevertheless argues that she qualifies for a deviation because her mortgage and household utility bills combined exceed 25% of her monthly net income. Id. at 11, 17. Mother's argument lacks merit.

Rule 1910.16-6 states, in pertinent part, that "the term 'mortgage' shall include first mortgages, real estate taxes and homeowners' insurance[.]"  Pa.R.C.P. No. 1910.16-6(e).  The comment to the Rule clarifies that "the inclusion of second mortgages, home equity loans and other obligations secured by the marital residence is within the discretion of the trier of fact based upon the circumstances of the case."  Pa.R.C.P. No. 1910.16-6(e) cmt. (2005).

The trial court opined:

> Clearly, the Guidelines attribute the customary meaning to the term "mortgage."  That meaning does not include utilities and car payments or any other unsecured obligations or expenses incurred after separation, as Mother suggests.

Trial Ct. Op., 4/26/17, at 4.  We agree and conclude that Mother's argument lacks merit.

In her final issue, Mother avers that the trial court failed to consider that Mother has to provide for two children from a previous relationship that reside with her full-time.  Mother's Brief at 18.  Mother argues that she is entitled to a "multiple family" downward deviation.  Id. at 18-20.  We disagree.

The "multiple family" deviation rules provide, in pertinent part, "[w]hen the total of the obligor's basic support obligations exceeds 50% of his or her monthly net income, the court may consider a proportional reduction of these obligations."  Pa.R.C.P. No. 1910.16-7(b).  For purposes

of Rule 1910.16-7, the trial court should calculate obligor's basic support obligation using only the basic guideline amounts of support as determined by the Guidelines, without including additional expenses that the court may add to this basic amount. Pa.R.C.P. No. 1910.16-7(c).

Upon consideration of a multiple family deviation, the trial court concluded: "this downward deviation does not apply when an obligor's support obligations are less than 50% of net income . . . Mother is simply not entitled to this deviation." Trial Ct. Op., 4/26/17, at 5. A review of the record supports the trial court's conclusions. Mother's monthly net income is $6,254.00; to qualify for a multiple family deviation her basic child support obligation would have to exceed $3,127.00 per month, which it does not.

In conclusion, the trial court did not abuse its discretion when it ordered Mother to pay a monthly child support obligation of $804.38 to Father. Accordingly, we affirm.[4]

Order affirmed.

_____

[4] In light of our disposition, Mother's "Petition Requesting to Assign a Panel" is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/21/2017