672 A.2d 1380

**Laura KESSLER, Appellant**

v.

**Nathaniel David HELMICK.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1995.

Filed March 20, 1996.

114

116

John B. Dunn, Stroudsburg, for appellant.

Holly L. Setzler, West Chester, for appellee.

Before: KELLY, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order awarding child support and alimony pendente lite and denying appellant's petition for spousal support. We affirm in part and vacate in part.

The relevant facts were aptly stated by the lower court:

Plaintiff commenced the present action by filing a complaint against Defendant for child support, spousal support and alimony pendente lite. Hearings were held on Plaintiff's complaint before the Support Master on April 29, 1992,

June 23, 1992, September 3, 1992, and February 22, 1993. Following the Master's hearings a Support Order was entered against Defendant requiring him to pay $670.00 per week in child support for the parties' two children, and $200.00 per week in alimony pendente lite to Plaintiff.[1]

Both parties have filed Exceptions to the Master's Report. These Exceptions are presently before the court for disposition.

Trial Court Opinion, February 15, 1995, at 1. The lower court dismissed both parties' exceptions, and confirmed the master's recommendation as a final order with two exceptions. The lower court removed the six month time limit on alimony pendente lite which the master had imposed. The court also ordered that appellant pay "an additional $100.00 per week on the arrearages until paid in full." Appellant (wife) filed this timely appeal in which she raised the following issues:

1. Did the lower court abuse its discretion in imputing a monthly income of $17,750.00 to appellee (husband) and $2,400.00 to appellant?

2. Did the lower court abuse its discretion in failing to award spousal support and in failing to award support or alimony pendente lite from the date of separation, October, 1990, and in failing to base its amount of support and alimony pendente lite upon an appropriate formula?

3. Did the lower court abuse its discretion by permitting appellee to pay arrearages in weekly increments?

4. Did the lower court abuse its discretion in finding that the children, age nine and thirteen, will not require child care and child care expenses?

5. Did the lower court abuse its discretion in failing to find that appellee should pay the unreimbursed costs of appellant's therapy in the same proportion in which the master

---

1. The master's order was entered on September 21, 1993. In addition to the orders of child support and alimony pendente lite, the master also directed appellant to pay arrearages in the amount of $200.00 per week. Further, the master ordered that the award of alimony pendente lite terminate six months from the date of the September 21, 1993 order.

found appellee to be obligated to pay other unreimbursed medical expenses?

Before addressing these issues, we will first set forth our standards of review.

■■■ Our standard of review of an order of child support is as follows:

> [T]he amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground.

*Griffin v. Griffin,* 384 Pa.Super. 188, 193, 558 A.2d 75, 77 (1989) (en banc) (citations omitted). An award of spousal support is subject to a similar standard: absent an abuse of discretion or insufficient evidence to sustain the support order, the Superior Court will not interfere with the trial court's broad discretion. *Myers v. Myers,* 405 Pa.Super. 290, 592 A.2d 339 (1991). "Where there is insufficient evidence to support the trial court's order, the judgment is manifestly unreasonable and must be reversed." *Id.* at 293, 592 A.2d at 341.

■■■ Appellant first contends that the lower court erred in calculating the monthly incomes of each of the parties. Appellant asserts that the master erroneously imputed a monthly income of $17,750 to appellee. She contends that a monthly income of this amount yields a total annual income of $213,000, and that appellee's tax returns for 1990 and 1991 show a much larger annual income. Appellant asserts that the evidence does not support a conclusion that appellee's earning capacity is reduced due to reasons of health. She also contends that in calculating appellee's net monthly income, appellee's interest income and pension income should have been taken into account.

The record shows that appellee's 1991 "W–2" income was $278,503.00. He also reported $33,259.00 in interest income, $32,798.00 in capital gains, and $69,600 in pension income. The master made the following finding as to appellee's imputed monthly income:

> Plaintiff [appellant] argues that Defendant [appellee] can withstand the stress of racing cars and therefore can withstand the stress of his former work load. I am not convinced by this argument. What may be stress to one individual may be relaxation to another. Also, an individual may pursue a hobby against medical advice.
>
> My decision on this point is based upon the fact that the medical testimony stopped short of stating that Defendant could have engaged in a modified version of the customary work schedule that would meet his physician's approval. Although I concede that Defendant may not be able to be as aggressive in pursuing his profession, it is my conclusion that the Defendant's present earned income does not represent his earning capacity. It becomes necessary for me to impute an income to Defendant and this is done below.

Master's Findings and Recommendation at 2.

Appellee offered the sum of $229,160 as his gross medical income for 1992. The monthly net amount imputed by the master would yield an annual amount of $213,000. If the amount of appellee's 1992 taxes is added to this net annual amount, a gross amount of $260,485.00 is produced. This gross amount, while less than the $278,503 reported by appellee as his 1991 gross medical income, is greater than the amount offered by him for 1992. It appears that the master's imputed monthly net income for appellee of $17,750 represents his income from sources related to his occupation only. It does not include other types of income which appellee reported on his 1991 tax return.[2]

The support guidelines define monthly net income as including the following:

**2.** We note that neither the master or the lower court offered any substantive calculations for the net monthly incomes imputed.

(1) wages, salaries, fees and commissions;

(2) net income from business or dealings in property;

(3) interest, rents, royalties, and dividends;

(4) pensions and all forms of retirement;

(5) income from an interest in an estate or trust; and

(6) social security benefits, temporary and permanent disability benefits, workmen's compensation and unemployment compensation.

Pa.R.C.P., Rule 1910.16–5(b). The master's calculation of monthly net income for appellee consisted only of item (1), *supra.* The rule is clear that the other types of income which appellee listed on his 1991 tax return must be included in the computation of net monthly income. Since the master erred in not including such other income in his computation of appellee's monthly income herein, the lower court erred in affirming the master's findings on this issue. It is necessary for us to remand the case for a recalculation of appellee's monthly net income based on the requirements of the support guidelines.

■ We note, however, that we do not find any abuse of discretion in the master's determination as to appellee's gross medical income. The testimony of appellee's physician supports his contention that it has been necessary for him to cut back his work hours to some extent. The master's calculation does not accept the full reduction in medical income which appellee has proposed but instead imputes to him an additional earning capacity which is greater than that offered by appellee but less than appellee's earning capacity prior to his medical treatment.

■ Appellant also contends that the lower court erred in failing to use the *Melzer* formula in calculating the amount of child support. The record shows that appellant submitted a recommendation to the lower court for an amount of support calculated in accordance with the support guidelines formula, Pa.R.C.P., Rule 1910.16–3(a), 42 Pa.C.S.A. We note that the Support Guidelines require the use of the *Melzer* formula when the combined net monthly incomes of the parties ex-

ceeds $10,000. Pa.R.C.P., Rule 1910.16–5(a). *See* 1910.16–3(b) (guidelines formula is applicable only to amounts up to $10,000 per month). When the support guidelines are raised, the lower court should follow the guidelines' requirements and apply them appropriately to the facts of the case. *See Ball v. Minnick,* 538 Pa. 441, 648 A.2d 1192 (1994) (amount of support shall be determined in accordance with support guidelines). Thus, on remand, after recalculating the amount of appellee's monthly income, the lower court should utilize the *Melzer* formula to determine the amount of support if the parties' combined net monthly incomes exceed $10,000.

■ Appellant's next contention is that the lower court erred in calculating her net monthly income. Appellant objects to the number imputed by the lower court, $2,400.00, on the basis that it was chosen without any indication by the lower court as to how it was derived. Appellant concedes that she should be assigned an earning capacity, but she does not include an amount which she would consider reasonable. Appellee points out that testimony was elicited to the effect that when appellant's brother was managing the restaurant, as appellant is now, he earned $35,000 or $36,000 per year. An annual sum such as this would yield a monthly gross income of about $3,000 per month. An imputed monthly net income of $2,400.00 is not unreasonable based on this testimony. We find no abuse of discretion by the lower court.

■ Appellant next contends that the lower court abused its discretion in failing to award her spousal support. In *Calibeo v. Calibeo,* 443 Pa.Super. 694, 663 A.2d 184 (1995), a panel of this court determined that an order relating to spousal support is interlocutory and not appealable until all economic claims have been resolved. *Id.* at 696–98, 663 A.2d at 185. This is the case whether the claim for spousal support is part of the divorce action or is a separately filed complaint. *Id.* It is also clear in this case that the lower court, while denying appellant's claim for spousal support, awarded her alimony pendente lite of $200.00 per week. Orders for spousal support and alimony pendente lite cannot be in effect simulta-

neously. Note, Pa.R.C.P., Rule 1910.16–1(a), 42 Pa.C.S.A. For these reasons, we decline to review appellant's claim that the lower court erred in denying her petition for spousal support.

Appellant also contends that the lower court erred in failing to determine the date of the parties' separation. Since this argument relates to the issue of spousal support, which we have found unreviewable at this time, we need not consider this issue. Likewise, appellant's argument that the lower court should use the *Melzer* formula to calculate the amount of spousal support need not be addressed. Appellant also correctly concedes that her claim that the amount of alimony pendente lite should be calculated under the *Melzer* formula is not appropriately raised at this time. *See Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985) (orders relating to alimony pendente lite are interlocutory and not appealable until entry of final decree in divorce).

■ Appellant argues that the arrearages of child support and alimony pendente lite should have been awarded in a lump sum rather than on a weekly installment basis. She asserts that appellee has the means to pay the arrearages in full. Appellant cites no authority in support of her position.

■ The trial court has broad discretionary power to remit accrued support arrearages. *Commonwealth v. Vogelsong,* 311 Pa.Super. 507, 457 A.2d 1297 (1983). Analogously, we find within the trial court's discretion the setting of the method of payment of arrearages. Appellant has not set forth any compelling reason or authority which would require that the lower court award arrearages in a lump sum. Accordingly, appellant's argument on this issue is meritless.

■ Appellant asserts that the lower court abused its discretion in finding that the parties' children will not require child care. Appellant contends that appellee should be ordered to pay one-half of the child care expenses for the children. This contention is meritless. As the lower court indicated in its opinion in connection with this appeal, no evidence of child care expenses was presented. Therefore, the

lower court did not err in failing to order appellee to pay one-half of an amount of which there was no evidence. Should appellant incur child care expenses, she will be entitled to seek a modification of the order of child support to request one-half of the child care expense under Pa.R.C.P., Rule 1910.16–5(i).

■ Appellant argues that the lower court abused its discretion in failing to order appellee to pay the unreimbursed costs of her psychotherapy in the same proportion as he is required to pay other unreimbursed medical expenses. The master ordered appellee to provide medical insurance for appellant and the children. He further ordered appellee to pay one-half of appellant's unreimbursed medical, hospital, dental, eye, and prescription expenses.[3] As to appellant's psychotherapy expenses, the master ordered appellee to pay only the portion covered by insurance. The lower court affirmed the master's decision on this issue.

■ A court may require that an obligor pay a designated percentage of a spouse's reasonable and necessary health care expenses. 23 Pa.C.S.A. § 4324. "If health care coverage is available through an obligor or obligee at no cost as a benefit of employment or at a reasonable cost, the court shall order an obligor or obligee to provide or extend health care coverage to a spouse." *Id.* Under section 4324, "both the question of *whether* to require the obligor spouse to pay these expenses, as well as the question of the *proper percentage* to assess, is within the discretion of the trial court." *Lyons v. Lyons*, 401 Pa.Super. 271, 284, 585 A.2d 42, 49 (1991). In the instant case, the lower court required appellee to provide appellant with medical coverage.

In addition, the court ordered appellee to pay for one-half of all of appellant's medical expenses which are not covered by insurance, with the exception of her psychotherapy expenses. For those expenses, appellant receives insurance coverage, but appellee is not required to pay for the unreimbursed portion. We find no abuse of discretion in this allocation of expenses,

---

**3.** The master also ordered appellee to pay 90% of the children's unreimbursed medical expenses.

and appellant has not persuaded us otherwise. The lower court's order is a fair and reasonable allocation of appellant's health care expenses. The order requires appellee to provide a portion of all of appellant's health care expenses, but also requires appellant to assume a portion of those expenses herself. This does not constitute an abuse of the lower court's discretion.

Appellant cites Pa.R.C.P., Rule 1910.16–5(p) in support of her contention that the lower court inappropriately allocated the costs of her psychotherapy. Rule 1910.16–5(p) requires that unreimbursed medical expenses be divided between the parties in proportion to their respective net incomes. However, medical expenses, as defined under the rule, do not include psychiatric or psychological services. Therefore, appellant's reliance on this rule is inappropriate.

Appellant's final argument relates to interim counsel fees which she herself acknowledges to be interlocutory. *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985).

Order affirmed in part and vacated in part; case remanded to lower court for further proceedings in accordance with this opinion; appellee's motion to quash Volume III of Reproduced Record is granted; Superior Court jurisdiction relinquished.