## West v. West

C.P. of Pike County, no. 40129-DR-1998.

*Lori A. Hellman,* for Barbara West.
*Gregory H. Chelak,* for Kevin West.

THOMSON JR., *P.J.,* March 30, 2001—This matter comes before the court upon defendant Kevin West's

appeal to this court's order of November 6, 2000, which assessed an additional $3,060 to appellant's support arrearage amount for "reasonably necessary medical expenses" incurred by respondent Barbara West. These medical expenses consisted of voluntary alcohol rehabilitation treatment at Veritas Villa Inc., for which the support conference officer opined that respondent met the appropriate criteria for contribution by appellant. Appellant argues that such treatment is analogous to psychiatric or psychological services, which are not subject to reimbursement under the Pennsylvania support guidelines. As hearing on this matter has been waived and the issues have been submitted to this court on briefs, this issue is ripe for adjudication.

23 Pa.C.S. §4324 states that "the court may require that an obligor pay a designated percentage of a child's or spouse's reasonable and necessary health care expenses." See 23 Pa.C.S. §4324. The question of whether to require a spouse to pay medical expenses, as well as the question of the proper percentage to assess, are matters within the sound discretion of the trial court. See *Kessler v. Hemlick,* 449 Pa. Super. 113, 672 A.2d 1380 (1996). In addition, the Pennsylvania Rules of Civil Procedure support guidelines state that "medical expenses include insurance co-payments and deductibles and all expenses incurred for reasonably necessary medical services and supplies, including but not limited to surgical, dental and optical services, and orthodontia." Pa.R.C.P. 1910.16-6(c)(1). However, this rule also states that "medical expenses do not include cosmetic, chiropractic, psychiatric or psychological services unless specifically directed in the order of court." See Pa.R.C.P.

1910.16-6(c)(1). Thus, this court must determine whether the alcohol rehabilitation treatment undergone by plaintiff, for which reimbursement is sought, is more closely analogous to surgical, dental, optical, or orthodontia services, and thus recoverable under the support guidelines, or whether it is more analogous to cosmetic, chiropractic, or psychiatric and psychological services, which are not recoverable under the express terms of the guidelines.

The current understanding of the disease alcoholism defines this illness as "a primary, chronic disease with genetic, psycho-social, and environmental factors influencing its development and manifestations. The disease is often progressive and fatal, and is characterized by impaired control over drinking, a preoccupation with the drug alcohol, use of alcohol despite adverse consequences, and distortions in thinking, most notably denial." National Council on Alcoholism and Drug Dependence and American Society of Addiction Medicine, www.ncadd.org/facts/defalc.html.—1992. Furthermore, the American Medical Association endorses a "dual classification of alcoholism under both the psychiatric and medical sections of the International Classification of Diseases." Policy H-30.997. www.ama-assn.org/special/aos/alcohol/policy/dependence.html. Although physicians and specialists cannot agree whether alcoholism is predominantly a physical or psychological illness, it is clear that alcoholism has very serious physical symptoms and ramifications. If left untreated, alcoholism can result in a number of serious physical ailments, ranging from cirrhosis of the liver to brain damage. All of the organs of the body are affected by alcohol, and alcohol-

ism is the third leading cause of death in the United States. NCADD, http://www.ncadd.org.

However, in order to resolve this dispute fairly and justly, this court must first make a careful inquiry into the precise issue raised before it. The question we are faced with is not whether alcoholism is a physical or psychological ailment. This court does not have the specialized knowledge or training to make such a broad finding, particularly when there is little agreement among professionals in the field of medicine regarding this issue. Rather, this court is asked to determine whether *the treatment* of alcoholism is predominantly physical or psychological, for purposes of the Pennsylvania support guidelines.

Modern research indicates that there are a number of physiological therapies for the treatment of alcoholism that have had mixed success in treating this disease. For instance, there are a number of prescription medications now available that minimize the harmful effects of detoxification and withdrawal, such as Valium, Xanax, and other anti-anxiety medications. Furthermore, use of the drugs disulfiram, citrated calcium cyanamide, Antabuse, or similar medications, may cause an unpleasant reaction when the patient ingests an alcoholic beverage. Some symptoms of these medications when taken along with alcohol include hot flashes, nausea, vomiting, a sharp drop in blood pressure, a pounding of the heart, and possibly a feeling of impending death. Encyclopedia Britannica, Physiological Therapies http://www.britannica.com/bcom/eb/article/3/0,5716,118683+4=110089,00.html. Such treatments are ordinarily intended to bring about a short-term abstinence, during which a therapist may ap-

ply psychological and rehabilitative measures to enable a patient to ultimately refrain from drinking without the chemical crutch. *Id.* Although many of these physiological treatments have been successful in the short-term, they do not last indefinitely and often require periodic reinforcement, or psychological and social therapy as well.

Most approaches to the treatment of alcoholism require the alcoholic to recognize his or her illness and to abstain from alcohol thereafter. Encyclopedia Britannica, Psychological Therapies, www.britannica.com/bcom/eb/article/3/0,5716,118683+6+110089,00.html. Psychotherapy in alcoholism encompasses the entire range of modalities applied in treating the psychoneuroses and character disorders; including individual and group techniques. *Id.* Group therapies are generally regarded as more effective than individual modalities with alcoholics, and may include instructional lectures and superficial discussions to deep analytic explorations, psychodrama, hypnosis, and the use of mechanical aids such as movies and taped sessions of an intoxicated patient. *Id.*

The primary goal in most alcohol treatment programs is to involve all clients in therapy and other group activities to break down isolation and denial, and to encourage open and honest communication. This is most often accomplished through the use of a twelve-step program or philosophy, which has proven most effective among the long-term treatment programs generally utilized. Support groups, such as Alcoholics Anonymous, have had promising success with such treatments, as they offer a supportive atmosphere and a structured environment in which the patient can begin to learn how to restructure his or her life without the consumption of

alcohol. Group therapy, group discussions, individual counseling sessions and lectures have also proven quite valuable in reaching these goals.

Upon consideration of the above, this court finds defendant's argument persuasive. It is clear that alcoholism has very serious, sometimes fatal, physical ramifications and symptoms. It is equally clear that some of these symptoms may be remedied, at least on a short-term basis, through prescription medication or other, traditionally physical, medical treatments. However, this court is convinced that plaintiff's alcoholism can be distinguished from medically recognizable injuries such as broken bones or malfunctioning organs. Furthermore, the most common and most successful treatments for alcoholism have been more analogous to psychological or psychiatric treatment than physical or physiological treatment. Simply stated, plaintiff's alcoholism lacks the apparent physical nature of the medical injuries for which reimbursement will ordinarily be permitted. Accordingly, plaintiff's alcohol rehabilitation expenses are not recoverable under the Pennsylvania support guidelines.

## ORDER

And now, March 30, 2001, upon consideration of defendant Kevin West's appeal to this court's order entered November 6, 2000, which assessed an additional $3,060 to appellant's support arrearage amount for "reasonably necessary medical expenses" incurred by plaintiff, defendant's brief in support thereof, plaintiff's brief in opposition, hearing having been waived and this matter submitted on briefs, defendant's appeal is sustained, and this court's order of November 6, 2000, is hereby vacated.