J-S13029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHAWNA L. HUSICK, NOW SHAWNA L. BAMBLING | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT E. HUSICK | |
| Appellant | No. 1075 WDA 2015 |

Appeal from the Order Dated June 17, 2015
In the Court of Common Pleas of Bedford County
Civil Division at No: 180-S for the year 2007

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 08, 2016**

Appellant, Scott E. Husick ("Father"), appeals from the June 17, 2015 order of the Court of Common Pleas of Bedford County denying his *de novo* appeal for a reduction in his child support obligation. Upon review, we affirm.

The trial court summarized the background information as follows:

> Subsequent to the hearing [Father], Scott E. Husick, provided the Court with his amended tax return. After the hearing on March 26, 2015, [Mother], Shawna L. Husick, signed a release allowing [Father], Scott E. Husick, to deduct [C]hild on his 2014 return. As noted above, [Father] provided his amended 2014 return. A review of this amended return along with his original return produces the following: [Father]'s gross income

_____

[*] Former Justice specially assigned to the Superior Court.

for 2014 was $42,463.00. [Father]'s deductions from income included itemized deductions of $27,269.00. This figure includes $11,402.00 for work related mileage. Receiving credit for the tax exemption for himself and [C]hild leaves [Father] with a Federal tax liability of $728.00. Accordingly [Father], Scott E. Husick, had a net annual income after Federal taxes of $41,735.00. After reducing [Father]'s income for Federal and state income taxes leaves a total net income after taxes of $40,738.00. This is actually in excess of the $34,756.44 net income computed in the conference order. The Court believes his 2014 income is the most accurate account of his income.

. . . .

[Mother], Shawna L. Husick, was found at conference to have monthly earnings capacity of $1,042.09; essentially minimum wage. [Mother] has not been employed since June of 2013. In addition to [C]hild who is the subject of the present support action, [Mother] has a child born in 2013 to her present boyfriend. [Mother]'s last employment was at a store where she earned $13.50 an hour as an office manager. [Mother] left this job over harassment by a supervisor. [Mother]'s previous employment was for a software sales company earning $9.00 an hour. Prior to that between 2007 and 2009 [Mother] worked at the Department of Labor. This job was in accounts receivable and she earned $2,455.00 a month. However, her hours were reduced at that job which reduced her income, and further she was required to commute from her residence in Bedford County to Altoona. There was no indication that [Mother] possesses any special skills or advanced education.

Trial Court Opinion (T.C.O.), 6/17/15, at 1-4.

On appeal, Father raises three issues:

1. Did the trial court commit an abuse of discretion or an error of law by denying Appellant-Father's de novo appeal by rejecting his request for a downward deviation from the guidelines support amount in consideration of his work-related expenses?

2. Did the trial court commit an abuse of discretion by denying Appellant-Father's de novo appeal by rejecting his request for a downward deviation from the guidelines support amount in consideration of his historical expenditures provided directly for

- 2 -

the child's benefit, and in consideration of his substantial physical custody?

3. Did the trial court commit an abuse of discretion by imposing only a minimum wage earning capacity on Appellee-Mother, whose work history involves employment with wages greater than the federal and state minimum wage?[1]

Father's Brief at 4.

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Mencer v. Ruch*, 928 A.2d 294, 297 (Pa. Super. 2007) (citation omitted).

"[T]he amount of a support order is largely within the discretion of the trial court," and "[a] finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence." *Kessler v. Helmick*, 672 A.2d 1380, 1382 (Pa. Super. 1996) (citation omitted).

In determining whether to award him a downward deviation from the support guidelines, Father argues the trial court should have considered his work-related expenses, such as mileage, tools, and specialized clothing,

---

[1] In his brief, Father combines his first and second issues. Father's Brief at 4. For ease of disposition, we will address Father's arguments pertaining to deductions and arguments pertaining to his physical custody of Child separately.

asserting these expenditures are unavoidable for him to maintain his employment. Father also argues the trial court should have considered items he purchased based on Child's needs, such as clothing and school supplies, "that would normally be considered within the scope and purpose of child support." Father's Brief at 12. Father asserts the trial court erred, alleging he was requesting a downward deviation from the support guidelines and "not necessarily" a credit against his net monthly income for purposes of calculating his support obligation. *Id.* at 13. Father further argues "the historically consistent and significant expenditures directly to and for [C]hild's benefit should have been considered by the trial court in favor of warranting a downward deviation from the guidelines support amount." *Id.*

The trial court computed Father's support obligation using his 2014 income. The trial court did not allow Father a downward deviation or credit on his net come, holding the following:

> [Father] is a union carpenter and obviously the amount of his work varies by the season of the year. Further, using his tax return also captures his unemployment income for the year. Pa. R.C.P. 1910.16-2[(d)(3)][2] provides support orders for seasonal employees, such as construction workers should ordinarily be based on a yearly basis. Given that the [Father]'s employment has not changed in 2015, his 2014 tax return would appear to be the most accurate description of his income. As the

_____

[2] "Seasonal Employees. Support orders for seasonal employees, such as construction workers, shall ordinarily be based upon a yearly average." Pa.R.C.P. No. 1910.16-2(d)(3).

[Father]'s net income was reduced for his mileage driven to work, it would be improper to give any further credit. The same logic applies to the request for a reduction for union dues, clothing, and tools. These deductions are already reflected in his 2014 taxes.

T.C.O., 6/17/15, at 2-3.

Father fails to cite any authority to support his arguments that he should be granted a downward deviation from the support guidelines, or that the trial court's calculations were the result of a misapplication of the law or abused its discretion. Accordingly, Father is not entitled to relief on this issue.

Father next argues the trial court erred in concluding he did not qualify for the presumptive reduction in child support provided for in Pa.R.C.P. No. 1910.16-4(c)(1).[3] Father acknowledges he fell fifteen days short of having Child for forty percent of the overnights between January 2014 and December 2014 as required by Rule 1910.16-4. However, he alleges the trial court should have granted him the reduction considering the "totality of the circumstances." Father's Brief at 13-14.

Father, again, has failed to cite any authority to support his assertions. Noting that Father fell fifteen days short of having Child for forty percent of the overnights in 2014, and therefore did not fulfill the plain text

---

[3] "**(c) Substantial or Shared Physical Custody.** (1) When the children spend 40% or more of their time during the year with the obligor, a rebuttable presumption arises that the obligor is entitled to a reduction in the basic support obligation to reflect this time. . . ." Pa.R.C.P. No. 1910.16-4.

requirement of Rule 1910.16-4, the trial court denied Father the presumptive reduction. The trial court has not abused its discretion, and Father is not entitled to relief on this issue.

Father next alleges the trial court abused its discretion by failing to assess Mother with an earning capacity higher than minimum wage. Father argues Mother has a greater earning capacity than minimum wage, relying on the facts that Mother has a bachelor's degree in communications, work experience in advertising sales, accounts receivable, and management, worked during the parties' separation, held jobs earning $2,612.00 per month, $2,455.00 per month, $9.00 per hour, and $13.50 per hour, and had voluntarily left the work force in 2012. Father's Brief at 16-17.

> Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity. . . . Determination of what constitutes a reasonable work regimen depends upon all relevant circumstances including the choice of jobs available within a particular occupation, working hours, working conditions and whether a party has exerted substantial good faith efforts to find employment.

Pa.R.C.P. No. 1910.16-2(d)(4).

In addition to the facts listed by Appellant, the trial court also considered that Mother left her last job due to sexual harassment by her supervisor as well as the following:

> Support orders are based on earnings [sic] capacity rather than actual income. [Mother] has sated having a two year old and a six year old at home; the cost of child care would be significant. [Mother] stated that her best choice for employment would be in Blair County which would include a lengthy commute. Given the

travel time involved, the children would require both day care and after school care. [Mother], Shawna L. Husick, testified she did not believe that even if she obtained similar employment to that she previously had, it would not be cost effective. Given the two children in the home there could be an application of the nurturing parent doctrine. However, only one of these children is subject to this order. [Mother] currently lives with her boyfriend and there is a second income in her home. More persuasive is the fact there is little to show she has skills or training that support she could expect to earn more than minimum wage. Some of her employment history was at a rate greater than minimum wage but that may well have been fortuitous circumstances. Based on the record a minimum wage earning capacity is appropriate.

T.C.O., 6/17/15, at 3-4 (citations omitted).

Father, again, does not cite any authority in support of his argument and does not cite any facts not considered by the trial court in assessing Mother's earning capacity. As such, Father has not provided any evidence the trial court misapplied the law or abused its discretion. Accordingly, Father is not entitled to relief on this issue.

As Father is not entitled relief on any of his issues raised, we affirm the June 17, 2015 order of the trial court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2016