J-S03028-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| J.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| D.G.M. | |
| Appellee | No. 1150 WDA 2016 |

Appeal from the Order July 6, 2016
in the Court of Common Pleas of Erie County
Domestic Relations at No(s): NS200900847 / PASCES 543100845

BEFORE:    OLSON, SOLANO, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:  **FILED: MAY 24, 2017**

I agree with the Majority that the trial court erred in calculating Father's monthly support obligation and must correct that error upon remand. However, because I would also hold that Mother is entitled to the immediate, lump-sum payment of overdue support, I respectfully dissent.

As noted by the Majority, Father was over $10,000 in arrears in 2009, and was still over $7,500 in arrears more than seven years later.  Majority Memorandum at 1-2.  Because he has now obtained a lump-sum workers' compensation payment of over $90,000, Father is fully capable of making Mother whole.  Yet the trial court decided to allow Father to have what is in effect an interest-free loan from Mother by ordering the arrears to be paid in small monthly installments.  The Majority affirms that decision on the basis that the language of 23 Pa.C.S. § 4308.1 clearly and unambiguously does

*Retired Senior Judge assigned to the Superior Court.

not require the payment of arrears to be made in a lump sum. Majority Memorandum at 5. I disagree.

The statute at issue provides as follows, in relevant part.

**(a) General rule.**--Overdue support shall be a lien by operation of law against the net proceeds of any monetary award, as defined in subsection (i), owed to an obligor, and distribution of any such award shall be stayed in an amount equal to the child support lien provided for under this section pending payment of the lien. Except as provided in subsection (c) or (f), nothing in this section shall provide a basis for a paying agent or an insurer to delay payment of a settlement, verdict or judgment.

* * *

**(f) Workers' compensation awards.**--With respect to any monetary award arising under … the Workers' Compensation Act, or, … The Pennsylvania Occupational Disease Act, no order providing for a payment shall be entered by the workers' compensation judge unless the prevailing party or beneficiary, who is a claimant under either or both of the acts, shall provide the judge with a statement made subject to 18 Pa.C.S. § 4904 that includes the full name, mailing address, date of birth and Social Security number for the prevailing party or beneficiary who is a claimant under either or both acts. The prevailing party or beneficiary, who is a claimant under either or both of the acts shall also provide the judge with either written documentation of arrears from the Pennsylvania child support enforcement system website or, if no arrears exist, written documentation from the website indicating no arrears. The judge shall order payment of the lien for overdue support to the department's State disbursement unit from the net proceeds due the prevailing party or beneficiary who is a claimant under either or both acts.

23 Pa.C.S. § 4308.1.

First, that statute applies to the orders of workers' compensation judges providing for payment to an injured party, not to a family court judge making a support order. ***See also*** 34 Pa. Code § 131.111 (cross-

- 2 -

referencing 23 Pa.C.S. 4308.1 in the regulations applicable to workers' compensation judges).

Second, the statute **mandates** that a workers' compensation judge order payment of the amount of overdue support to the State disbursement unit from the claimant's net proceeds. Thus, if the money at issue in the instant case were awarded to Father by an order of a workers' compensation judge rather than through a negotiated settlement, Mother would receive payment of arrears from the proceeds prior to their distribution to Father. Applying the policy evidenced by subsection 4308.1(f) to an instance of a lump-sum payment of workers' compensation benefits, I believe the statute clearly and unambiguously suggests that Mother should be paid the full amount of overdue support immediately from Father's net proceeds.

In light of subsection 4308.1(f), and because Mother has seen scant repayment of substantial arrears over the past decade, I would hold that it was an abuse of discretion to force Mother to wait longer to collect the past-due support that Father is undeniably able to pay now.[1] **Accord Goodman v. Goodman**, 760 N.E.2d 72, 78 (Ohio App. 2001) (holding trial court

---

[1] In **Kessler v. Helmick**, 672 A.2d 1380 (Pa. Super. 1996), this Court held that it was within a trial court's discretion to allow payment of arrears in installments rather than in a lump sum. **Id.** at 1384–85 (holding there was no abuse of discretion in ordering arrears paid in installments where the appellant had "not set forth any compelling reason or authority which would require that the lower court award arrearages in a lump sum"). However, that case is distinguishable, in that it did not involve a lump-sum payment of workers' compensation proceeds.

abused its discretion in failing to order value of life insurance policy as a lump sum payment towards arrears where the mother otherwise was unlikely to collect the arrearage).

On remand, I would require the trial court to order immediate payment of arrears in a lump sum.