J-A06022-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| LINDA LEVENSON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| STANTON LEVENSON, | : | |
| | : | |
| Appellee | : | |
| | : | |
| | : | No. 1139 WDA 2017 |

Appeal from the Order July 10, 2017
in the Court of Common Pleas of Allegheny County Family Court at No(s):
FD 99-003878-006

| LINDA LEVENSON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STANTON LEVENSON, | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 1189 WDA 2017 |

Appeal from the Order July 10, 2017
in the Court of Common Pleas of Allegheny County Family Court at No(s):
FD 99-003878-006

BEFORE:   BENDER, P.J.E., SHOGAN, and STRASSBURGER, JJ.*

FILED JUNE 25, 2018

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

Because the trial court determined, based upon the credibility finding of the hearing officer, that Husband did not let the insurance policy lapse intentionally, I agree that the trial court properly found Husband not to be in

*Retired Senior Judge assigned to the Superior Court.

contempt of Paragraph 4 of the Consent Order. However, even if Husband did not intentionally permit the life insurance policy to lapse, such that the trial court could have held Husband in contempt, the trial court failed to consider Husband's contractual obligations.

Paragraph 4 mandates that Husband shall pay all premiums necessary to maintain Wife as a beneficiary on life insurance in an amount of $200,000 until he fully retires. There is no dispute that Husband failed to do so. Paragraph 4 also requires the bills for the premiums to be mailed to Husband. As the majority recognizes, Paragraph 4's passive language is ambiguous as to whether it was Wife's or the insurance company's responsibility to mail the bills to Husband. The trial court determined that it was Husband's obligation to pay the premiums and Wife's obligation to mail the bills. The trial court did not determine, however, whether one is conditioned upon the other for purposes of the parties' contractual obligations. Even if Husband's failure to pay was not willful, Husband still may have breached the contract unless Wife's failure to mail the bills excused his performance. Therefore, I would remand the case to the trial court to determine whether Husband breached Paragraph 4 and to fashion an appropriate remedy if he is in breach.[1]

_____

[1] Of course, to the extent that Husband did breach the contract, Wife would be entitled to additional attorneys' fees pursuant to Paragraph 9 of the Consent Order.

Second, the majority determines that the record does not support the trial court's ordering of Husband to pay $40,000 in alimony arrearages in two lump sums. I agree with this determination, but write separately to emphasize that the problem in this case is not the court's exercise of its discretion to require payment in a lump sum method, c.f. Kessler v. Helmick, 672 A.2d 1380, 1384-85 (Pa. Super. 1996), but rather that the trial court failed to explain how it calculated the total amount and such amount is unsupported by the record. On remand, while the trial court must recalculate an amount derived from the evidentiary record, I believe that Husband still should have to pay the arrearages in a lump sum. Too often courts are lenient on the payor spouse and permit the payor spouse to pay arrearages in dribs and drabs. Doing so essentially requires the dependent spouse to provide an interest-free loan to the payor spouse. I see no reason why Wife should have to provide Husband with an interest-free loan in this case, especially when Husband has not taken precautions to account for his fluctuating income by saving in lush times in preparation for the lean times.