J-A04001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELE M. STIPA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY D. GIAMPAOLO, | : | |
| | : | |
| Appellant | : | No. 1328 EDA 2019 |

Appeal from the Order Entered April 29, 2019
in the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): 17-01688

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*] and COLINS, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

Filed: March 23, 2020

I join the learned Majority's analysis and holding that there was no obligation on the part of the trial court to require the showing of need on behalf of Mother for entry of a child support order. Specifically, I dissent as to Father's issue that involves the trial court's handling of Mother's other household income and the age of Child. The majority concludes that the trial court did not abuse its discretion when it determined other household income and the age of Child did not warrant deviation from the support guidelines. Majority at 7-9.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Regarding other household income, Mother resides with her parents. According to Mother, her father collects a pension and possibly social security, and her mother collects social security benefits as well as income from Mother for providing childcare. The definition of income is set forth in 23 Pa.C.S. § 4302, and specifically states that "pensions," "social security benefits," and "compensation for services" are to be included. It is clear there is other household income present in this case. In addition to the income that Mother's parents receive, the trial court failed to discover and consider the amount, if any, Mother's parents may be contributing towards her food and lodging such as the rent or mortgage. *See Mooney v. Doutt*, 766 A.2d 1271, 1275 (Pa. Super. 2001) (utilizing the subsidization of a Father's living expenses of rent and food because Father was living with his parents as a consideration in determining the amount of child support obligation).

Regarding the age of Child, the age of Child warranted a downward deviation from the support guidelines because it is undoubtedly clear that a two-year-old would require less financial support than a seventeen-year-old.[1]

_____

[1] "Child expenditure increases as a child matures." *See* American Law Institute, Principles of the Law of Family Dissolution: Analysis and Recommendations § 3.05A, cmt. l. (2002).

Accordingly, I would hold that the trial court abused its discretion by failing to account fully for the other household income and age of the Child. I would remand to the trial court for further proceedings in accordance with this memorandum.