J-A19022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KIMBERLY GADD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERENCE GADD, | : | |
| | : | |
| Appellant | : | No. 410 EDA 2017 |

Appeal from the Order Entered January 25, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-18499,
PASCES 454114597

BEFORE: BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J. **FILED OCTOBER 12, 2017**

Appellant, Terence Gadd, appeals *pro se* from the January 25, 2017 Support Order entered in the Court of Common Pleas of Montgomery County, which ordered Husband to pay child support and alimony to Appellee, Kimberly Gadd. Upon careful review, we affirm.

The relevant factual and procedural history, as gleaned from the trial court's 1925(a) Opinion, is as follows. Appellant and Appellee are currently divorced and share joint physical and legal custody of a six-year-old child. On November 12, 2014, the trial court ordered Appellant to pay Appellee $443.63 per month in child support and $735.00 per month in alimony *pendente lite*. On August 31, 2015, the parties executed a property settlement agreement ("Settlement Agreement") wherein Appellant agreed to pay Appellee $400.00 per month in non-modifiable alimony beginning in

September 2015 and continuing for twenty-four payments. Additionally, Appellant agreed to continue to pay Appellee monthly child support as calculated by the Montgomery County Domestic Relations Office. On September 28, 2015, the trial court issued a Divorce Decree and attached the Settlement Agreement.

On January 4, 2016, Appellant filed a Petition to Modify Order of Support due to a reduction in his income. On February 25, 2016, after a hearing, the Support Master issued a recommendation for a support order that required Appellant to pay Appellee $443.94 per month in child support and $400 per month in alimony. In response, on February 26, 2016, Appellant filed exceptions to the Master's recommendation. On August 3, 2016, Appellee filed her own Petition for Modification of Support.

On November 4, 2016, after a protracted support hearing, the trial court issued a Support Order, which ordered Appellant to pay monthly alimony and child support to Appellee. The trial court calculated three different child support amounts for three separate time periods in 2016 based on Appellee's changing employment and income status, and determined the amount of monthly alimony based on the parties' Divorce Decree and Settlement Agreement.[1] On November 18, 2016, Appellant filed

_____

[1] The trial court ordered Appellant to pay $400 per month in alimony. The trial court calculated a child support amount of $424.00 per month from January 4, 2016 to January 15, 2016, $446.00 per month from January 16,
*(Footnote Continued Next Page)*

a Motion for Reconsideration, which the trial court granted on November 30, 2016. On January 24, 2017, after review, the trial court denied Appellant's Motion for Reconsideration.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following five issues on appeal:

1. When a complaint in support is filed with the Court, is [Appellant] as obligor required to pay support pursuant to Pa.R.C.P. 1910.16 (all parts) and that any deviations to the amount of support shall also be consistent with said rule?

2. Is Due Process a legal right that is owed to [Appellant] by the [c]ourt and that a [c]ourt must respect all applicable rights owed to said [Appellant], and is it true that when a [c]ourt harms a person without following the exact course of the law, this constitutes a Due Process Violation?

3. Is it true that an act of judicial Abuse of Discretion occurs when the [t]rial [c]ourt [j]udge acts in an arbitrary or unreasonable way that results in unfairly denying a person an important right or causes an unjust result?

4. Is it true that an act of Manifest Abuse of Discretion occurs when the [t]rial [c]ourt [j]udge's decision is clearly exercised with improvidence or with thoughtlessness and without due consideration, and that such injustice can clearly be shown that the decision is obviously or shocking to the conscience and refers to unfairness that is direct, obvious, and observable?

5. Is it true that a [t]rial [c]ourt [j]udge commits an Error in Law when the [j]udge has made a decision that was derived from purported facts that were misunderstood or not determined?

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

2016 to May 28, 2016, and $445.00 per month from May 29, 2016 forward. The trial court then reduced the total amount of support by $60.29 per month to account for Appellant providing medical insurance.

Appellant's Brief at 9-10 (emphasis omitted).

We review support matters for an abuse of discretion. **_Christianson_** **_v. Ely_**, 838 A.2d 630, 634 (Pa. 2003). "A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa.R.C.P.1910.1 _et seq.,_ or abused its discretion in applying these Rules." **_Id._** at 634 (citation omitted). An abuse of discretion is not merely an error of judgment. **_Kimock v. Jones_**, 47 A.3d 850, 854 (Pa. Super. 2012). "[I]f in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, then discretion has been abused." **_Id._** (citation omitted).

In his first issue on appeal, Appellant avers that the trial court was obligated to grant support pursuant to the Pennsylvania Support Guidelines ("Support Guidelines"), and the trial court abused its discretion when it deviated from the Support Guidelines and did not comply with Pa.R.C.P. 1910.16-5 by specifying the reasons for deviation in writing or on the record. Appellant's Brief at 9, 17. This issue lacks merit.

In support cases, "there is a rebuttable presumption that the amount of an award for support which results from the application of the Support Guidelines is correct." **_Landis v. Landis_**, 691 A.2d 939, 941 (Pa. Super. 1997) (citations omitted). Nevertheless, "where the facts demonstrate that

- 4 -

this award is unjust or inappropriate, the trier of fact has the discretion to rebut that presumption and deviate from the guidelines." *Id.* at 941 (citations omitted). Rule 1910.16-5 provides, in pertinent part, "[i]f the amount of support deviates from the amount of support determined by the guidelines, the trier of fact shall specify, in writing or on the record, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation." Pa.R.C.P. No. 1910.16-5(a).

In its Support Order, the trial court calculated three separate monthly child support amounts pursuant to the Support Guidelines and based on Appellee's changing employment and income status. The trial court also ordered Appellant to pay Appellee "$400.00 per month alimony pursuant to the parties' September 1, 2015 agreement (docketed with the Court on September 10, 2015)." Order, 11/4/16. The trial court then deviated from those amounts, reducing the amount that Appellant had to pay because Appellant provided medical insurance. The trial court issued a written Order that added together the child support amount and alimony amount for three separate time periods, "Less $60.29 per month for medical insurance provided by [Appellant]." Order, 11/4/16. The trial court specified in writing the reasons for the deviation in compliance with Rule 1910.16-5 and, thus, we find no error. *See* Pa.R.C.P. 1910.16-5(a).

A review of the record reveals that Appellant did not raise his remaining four issues in his court-ordered Rule 1925(b) Statement of Errors

Complained of on Appeal. It is well settled that when an appellant files a Rule 1925(b) Statement, any issues not raised in that Statement are waived on appeal. *Dietrich v. Dietrich*, 923 A.2d 461, 463 (Pa. Super. 2007). We acknowledge that Appellant is proceeding *pro se* in this appeal. While this Court is willing to liberally construe materials filed by a *pro se* appellant, *pro se* status confers no special benefit upon the appellant. *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005). Hence, Appellant's *pro se* status does not relieve Appellant of his duty to properly raise and develop his appealable claims. *Smathers v. Smathers*, 670 A.2d 1159 (Pa. Super. 1996). Accordingly, we find Appellant's remaining issues to be waived.[2] *See Dietrich, supra.*

Order affirmed.

---

[2] We further note that in the Argument section of his Brief, Appellant fails to comply with Pa.R.A.P. 2119. He fails to ensure that the argument is "divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a), (c). Appellant provides some citations of authorities but fails to engage in meaningful discussion or analysis of any authority that he cites. *See* Pa.R.A.P. 2119(a)-(d). The argument section consists of disorganized thoughts and references to the record, and Appellant fails to apply the relevant legal principles to the facts. Appellant's failure to develop these issues prevents this Court from conducting meaningful appellate review, and provides an additional reason for this Court to conclude that these issues are waived. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 371-372 (stating that failure to develop an issue in appellate brief results in waiver of that issue); *see also* Pa.R.A.P. 2119.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2017